# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO <br>   Petitioner <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD <br>   Respondent <br><br>   and <br><br> TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc. <br>   Intervening Respondents | No. 22-2674 <br><br><br><br> Board Case Nos. <br> 25–CA–234477 <br> 25–CA–242081 <br> 25–CA–244883 <br> 25–CA–246978 |
| TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc. <br>   Petitioners <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD <br>   Respondent <br><br>   and <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO <br>   Intervening Respondent | No. 23-1014 <br><br><br><br><br> Board Case Nos. <br> 25–CA–234477 <br> 25–CA–242081 <br> 25–CA–244883 <br> 25–CA–246978 |

1

| | ) | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | ) | No. 23-3172 |
|     Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | Board Case Nos. |
| TROY GROVE, a Division of Riverstone Group, Inc. and | ) | 25–CA–234477 |
| VERMILION QUARRY, a Division of Riverstone Group, Inc. | ) | 25–CA–242081 |
|     Respondents | ) | 25–CA–244883 |
| | ) | 25–CA–246978 |
|     and | ) | |
| | ) | |
| INTERNATIONAL UNION OF OPERATING | ) | |
| ENGINEERS, LOCAL 150, AFL-CIO | ) | |
|     Respondent | ) | |
| _____ | ) | |

**NLRB COUNSEL IN THEIR PERSONAL CAPACITIES' OPPOSITION TO INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150's MOTION FOR SANCTIONS**

The International Union of Operating Engineers, Local 150 ("Union") has filed a motion for sanctions and attorneys' fees against the National Labor Relations Board "*and its counsel*" under Federal Rule of Civil Procedure Rule 11 and 28 U.S.C. § 1927. (Dkt. 47, at 6). Although the Union's sanctions request is entirely without merit, both Rule 11 and § 1927 permit sanctions against attorneys in their personal capacities, so this opposition is filed in conjunction with the Board's opposition brief to adequately protect the personal interests of Board

2

counsel who have appeared in this case.[1] For the reasons set forth herein and in the Board's opposition, which is incorporated by reference, the Union's motion should be denied as it is nothing but a dispute on the merits of the appeal. Sanctions of any kind, much less sanctions against the Board attorneys personally, are wholly inappropriate.

Courts must exercise "caution and restraint" when exercising their power to award sanctions. *Mullen v. Butler*, 91 F.4th 1243, 1250 (7th Cir. 2024) (quoting *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). Under Rule 11(b), attorneys must certify "to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that their filings have adequate foundation in fact and law and lack an improper purpose." *Id.* (internal citations and quotations omitted). But Rule 11 motions are not to be used "to emphasize the merits of a party's position, . . . to intimidate an adversary into withdrawing contentions that are fairly debatable," or "to increase the costs of litigation." Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment. As for § 1927, the statute permits courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously," by assessing against the attorney personally "the excess costs, expenses, and

---

[1] Undersigned counsel represents Board attorneys Ruth Burdick, Usha Dheenan, and Brady Francisco-FitzMaurice in their individual capacities for purposes of defending the Union's motion for sanctions. *See* 28 C.F.R. § 50.15.

attorneys' fees reasonably incurred because of such conduct." Such sanctions, however, may only be awarded after a finding of "subjective or objective bad faith." *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994).

Here, as explained thoroughly in the Board's opposition, the Union's sanctions motion is premised on what can only be construed as a dispute over the merits of an issue on appeal. The Board contends the Court is jurisdictionally barred from addressing a challenge to an aspect of the Board's decision because the Union did not address it during proceedings before the Board. Specifically, the Union did not address whether the scope of Riverstone's violation of the National Labor Relations Act concerning a unilateral change to the punch in/punch out policy should be narrowed to exclude strike replacements. (Dkt. 41, at 29-31). The Union disagrees with this jurisdictional-bar argument and contends it properly challenged that portion of the Board's decision. (Dkt. 47). But that is not a reason to file a motion for sanctions.

Mere disagreement over a legal position taken by the Board is not a basis to seek or impose sanctions, a power the Supreme Court has recognized "must be exercised with restraint and discretion" because of its "potency." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005). Rather, this disagreement over the preservation of an argument is nothing out of the ordinary in our adversarial judicial system and is but one of

4

the issues this Court must decide in evaluating the overall merits of the appeal. *See Harris N.A. v. Hershey*, 711 F.3d 794, 801 (7th Cir. 2013) ("Reasonable lawyers and parties often disagree on the application of law in a particular case, and this court's doors are open to consider those disagreements brought to us in good faith.").

It should also go without saying that although Board counsel believes the jurisdictional-bar argument under Section 10(e) is legally sound and should succeed, an adverse ruling on the issue certainly does not by itself warrant sanctions. Indeed, this Court has held that sanctions are unwarranted in cases where counsel's arguments are "litigation long shots" and unlikely to succeed, which, as the Board explains, is far from the situation here. *Meier v. Wadena Ins. Co.*, No. 23-3383, -- F.4th ---, 2024 WL 995716, at *4 (7th Cir. Mar. 8, 2024); *see also In re Dordevic*, 67 F.4th 372, 389 (7th Cir. 2023) (explaining that "'[f]rivolous' . . . is not a synonym for 'unsuccessful,' or 'unlikely to succeed'" and parties "have the right to try" colorable arguments). Instead, sanctions under Rule 11 and § 1927 require evidence of bad faith, *see Mullen*, 91 F.4th at 1254, which the Union has utterly failed to demonstrate.

The case law cited in the Union's motion only emphasizes the impropriety of sanctions here. In *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958–59 (7th Cir. 2020), the court upheld the imposition of sanctions against conduct that was

5

described as "egregious," involving repeated warnings about Rule 11 that counsel disregarded and multiple examples of inexcusable delay tactics. In *Berwick Grain Co. v. Illinois Dept. of Ag.*, 217 F.3d 502, 505 (7th Cir. 2000), sanctions were appropriate where counsel took a frivolous position, admitting "he looked for support and found none," and raised the same argument not once, but twice, in both district court and on appeal. As these cases (cited in the Union's own motion) demonstrate, sanctions against counsel should only be awarded when conduct "rise[s] to the level of a serious and studied disregard for the orderly process of justice." *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994) (internal citation and quotations omitted). Nothing of the sort has occurred here. Not even close.

Although the purported grounds for sanctions in the Union's motion is the "baseless" nature of the Board's jurisdictional-bar argument (Dkt. 47, at 6), it is the Union's motion itself that is baseless. By filing the motion for sanctions, the Union has obtained an additional avenue to argue the merits of its petition for review. The motion has also served as a means to intimidate counsel into altering the Board's position or face *personal monetary liability*. These are wholly inappropriate grounds for filing a motion for sanctions. *See* Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment. The Union claims it is seeking "an award of attorneys' fees and all other remedies deemed just and appropriate" for "needlessly

6

expend[ing] additional time and resources." (Dkt. 47, at 6). But it is the Court, the Board, and the Board attorneys (who had to obtain counsel from the Department of Justice to represent their personal interests) who are needlessly expending time and resources to address the Union's unwarranted motion. The motion for sanctions should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

PAUL E. WERNER
Senior Trial Counsel

*/s/ Andrea Jae Friedman*
ANDREA JAE FRIEDMAN, CA No. 291692
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 305-0336
Email: andrea.j.friedman@usdoj.gov

*Attorney for Ruth Burdick, Usha Dheenan, and Brady Francisco-FitzMaurice in their personal capacities*

Dated at Washington, D.C.
This 25th day of March 2024

_____

|  |  |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br>    Petitioner<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br>    Respondent<br><br>and<br><br>TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc.<br>    Intervening Respondents | No. 22-2674<br><br><br><br><br>Board Case Nos.<br>25–CA–234477<br>25–CA–242081<br>25–CA–244883<br>25–CA–246978 |

_____

|  |  |
|---|---|
| TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc.<br>    Petitioners<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br>    Respondent<br><br>and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br>    Intervening Respondent | No. 23-1014<br><br><br><br><br>Board Case Nos.<br>25–CA–234477<br>25–CA–242081<br>25–CA–244883<br>25–CA–246978 |

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br>    Petitioner | ) No. 23-3172<br>)<br>) |
| v. | )<br>) Board Case Nos. |
| TROY GROVE, a Division of Riverstone Group, Inc. and<br>VERMILION QUARRY, a Division of Riverstone Group, Inc.<br>    Respondents | ) 25–CA–234477<br>) 25–CA–242081<br>) 25–CA–244883<br>) 25–CA–246978 |
| and | )<br>) |
| INTERNATIONAL UNION OF OPERATING<br>ENGINEERS, LOCAL 150, AFL-CIO<br>    Respondent | )<br>)<br>)<br>) |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), NLRB counsel in their personal capacities certify that this response contains 1,180 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word 365.

                                                    */s/ Andrea Jae Friedman*
                                                  ANDREA JAE FRIEDMAN, CA No. 291692
                                                  Trial Attorney
                                                  United States Department of Justice
                                                  Torts Branch, Civil Division
                                                  P.O. Box 7146, Ben Franklin Station
                                                  Washington, D.C. 20044-7146
                                                  Tel: (202) 305-0336
                                                  Email: andrea.j.friedman@usdoj.gov

Dated at Washington, D.C.
This 25th day of March 2024

_____

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br>    Petitioner | ) No. 22-2674<br>)<br>)<br>) |
| v. | ) Board Case Nos. |
| NATIONAL LABOR RELATIONS BOARD<br>    Respondent | ) 25–CA–234477<br>) 25–CA–242081<br>) 25–CA–244883<br>) 25–CA–246978 |
| and | )<br>) |
| TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc.<br>    Intervening Respondents | )<br>)<br>)<br>) |

_____

| | |
|---|---|
| TROY GROVE, a Division of Riverstone Group, Inc. and VERMILION QUARRY, a Division of Riverstone Group, Inc.<br>    Petitioners | ) No. 23-1014<br>)<br>)<br>) |
| v. | )<br>) Board Case Nos. |
| NATIONAL LABOR RELATIONS BOARD<br>    Respondent | ) 25–CA–234477<br>) 25–CA–242081<br>) 25–CA–244883 |
| and | ) 25–CA–246978<br>) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br>    Intervening Respondent | )<br>)<br>)<br>) |

_____

| | )  | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | ) | No. 23-3172 |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | Board Case Nos. |
| TROY GROVE, a Division of Riverstone Group, Inc. and | ) | 25–CA–234477 |
| VERMILION QUARRY, a Division of Riverstone Group, Inc. | ) | 25–CA–242081 |
| Respondents | ) | 25–CA–244883 |
| | ) | 25–CA–246978 |
| and | ) | |
| | ) | |
| INTERNATIONAL UNION OF OPERATING | ) | |
| ENGINEERS, LOCAL 150, AFL-CIO | ) | |
| Respondent | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

                                                   */s/ Andrea Jae Friedman*
                                                   ANDREA JAE FRIEDMAN, CA No. 291692
                                                   Trial Attorney
                                                   United States Department of Justice
                                                   P.O. Box 7146, Ben Franklin Station
                                                   Washington, D.C. 20044-7146
                                                   Tel: (202) 305-0336
                                                   Email: andrea.j.friedman@usdoj.gov

Dated at Washington, D.C.
This 25th day of March 2024